UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT DAVID NEAL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:12-cv-00936-WTL-DML |
| | ) |
| JOHN OLIVER, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

Robert David Neal, a prisoner at the Federal Correctional Complex in Terre Haute, Indiana, ("FCC-TH") has a long history of litigation based on frivolous legal theories and fictitious documents.[1] This case is no different.

Neal has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging Bureau of Prisons ("BOP") administrative remedy number 683111. The Supreme Court, in *Wolff v. McDonnell*, 418 U.S. 539 (1974), set forth the procedural due process requirements that must be afforded to prisoners in prison disciplinary proceedings. Those minimal standards include (1) the right (ordinarily) to twenty four hours advanced written notice of the charge; (2) the opportunity to be present at the hearing (unless prison security dictates otherwise); (3) the right to present documentary evidence and to call witnesses (subject to prison security requirements); (4) the right to be assisted by a prison staff member (if requested); (5) the opportunity to make a statement at the hearing; and (6) written notice of the evidence relied upon

---

[1] Numerous examples of the petitioner's frivolous claims are documented as attachments to the government's response to the order to show cause. See Dkt. No. 28-1.

by the fact finder and the reason for imposing a sanction (if one is imposed). *See Wolff*, 418 U.S. at 564-71. The Supreme Court stated that due process required that a disciplinary finding be supported by some evidence. *Id.* at 558. *See also Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Veins v. Daniels*, 871 F.2d 1328, 1335-36 (7th Cir. 1989). The "some evidence" standard is lenient, requiring only that the decision not be arbitrary or without support in the record. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Neal's petition for writ of habeas corpus is allegedly based on his "constitutional right to enforce a 'settlement agreement' to which (1) two senior officials with the FBOP and the federal government itself were parties to; (2) was fully incorporated into a 'final judgment' existent in case no. 1:11-mc-0012-TWP-TAB in this very court; and (3) has not been recognized by this Respondent disrespecting the full faith and credit accorded thereto." Petition, Dkt. No. 1 at p. 1. This argument is frivolous and summarily rejected. Similarly rejected is Neal's claim that he has the right to arbitrate his claim for relief pursuant to a fictional arbitration agreement between himself, the BOP and the United States. Contrary to Neal's assertion there is no valid settlement agreement or arbitration agreement to enforce.

In response to the return to order to show cause Neal filed a flurry of misleading documents many of which purport to reflect "admissions" of non-parties. These documents are not admissible in this action for the following reasons: 1) they do not comply with Rule 36 of the Federal Rules of Civil Procedure; 2) the alleged admissions are from non-parties; and 3) no discovery was authorized in this action (see Dkt. No. 21).

Neal is not entitled to any relief in this action. Each of his arguments is frivolous. The BOP has afforded Neal all of the due process to which he is entitled with respect to the

challenged disciplinary proceeding. This finding is based on the following facts and circumstances:

1. Neal received Incident Report #2250550 for "Mail Abuse" occurring on November 29, 2011. *See* Attachment 15, Dkt. No. 28-2 at p. 44. This incident report was issued by Timothy Coleman and is sufficient to support the disciplinary action. *See McPherson*, 188 F.3d at 786; *See also Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (even a meager amount of proof is sufficient). Neal was found to have committed the prohibited act by the Disciplinary Hearing Officer (DHO). Dkt. No. 28-2 at p. 36-45.

2. Neal appealed this Incident Report in Administrative Remedy # 683111. Neal was denied relief at all three levels of review and the Incident Report was found to be valid and permitted to stand. *See* Attachment 17, Dkt. No. 28-2 at p. 46-48.

3. Neal claims that his legal mail was improperly opened. Timothy Coleman, an Intelligence Research Specialist in the Communications Management Unit of FCC-TH testified that this is not the case. Neal was attempting to circumvent legal mail procedures by mailing contraband items out to a social contact under the false guise of legal mail. He attempted to utilize another inmate in this process and both were caught and admitted to the attempted circumvention. The inmate whose name Neal placed on the envelope gave Coleman permission to open the envelope and remove the contents when he was confronted with Coleman's suspicions of the attempted circumvention.

4. This matter was reviewed by the institution, the Regional Director and the Office of General Counsel and the hearing was found to be conducted within proper parameters and the sanctions (including loss of good time credits) were found to be appropriate for the severity of the act.

5.      Neal was given proper written notice, the opportunity for a hearing before the DHO, the opportunity to make a statement, the opportunity to introduce witness statements and written notice of the findings. The evidence presented supported the charges.

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Neal to the relief he seeks. Accordingly, Neal's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

   **IT IS SO ORDERED.**

Date:  05/08/2013

Distribution:

Robert David Neal
#15151-180
Terre Haute USP
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

Gerald.coraz@usdoj.gov

*William T. Lawrence*
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana