**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| ROBERT DAVID NEAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:12-cv-00936-WTL-DML |
| ) | |
| JOHN OLIVER, ) | |
| ) | |
| Respondent. ) | |

**E N T R Y**

Final judgment was issued in this action for habeas corpus relief on May 8, 2013. At this point, a single post-judgment motion is pending, this being the petitioner's motion to alter or amend judgment filed with the clerk on May 20, 2013.

Given the timing of the post-judgment motion referenced above relative to the entry of final judgment, and given the argument set forth in such motion, the motion will be request, the request seeks relief within the scope of Rule 59(e) of the *Federal Rules of Civil Procedure* and is thus treated as designated as a motion pursuant to Rule 59(e). *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

Federal Rule of Civil Procedure 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989), explains that Rule 59(e) encompasses reconsideration of matters decided on the merits. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F.Supp. 656 (N.D.Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F.Supp. 1063, 1069 (N.D.Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996).

There was in this case no manifest error of law or fact. The arguments otherwise in the motion to alter or amend judgment are feeble.

- He first asserts that he should have prevailed because the respondent did not acknowledge or respond to various discovery requests. He makes no legal argument between this supposed portion of the record and his actual claim for habeas corpus relief, but that is of no consequence. The court addressed this in its Entry: "These [requests for admission] are not admissible in this action for the following reasons: 1) they do not comply with Rule 36 of the *Federal Rules of Civil Procedure*; 2) the alleged admissions are from non-parties; and 3) no discovery was authorized in this action (see Dkt. No. 21)." The court noted in its Entry of December 7, 2012, that "[d]iscovery has not been authorized in this action for habeas corpus relief." This information/ruling was supplied four months before the return to show cause was filed and likewise with the petitioner's replies, filed just a few weeks after the return. The discovery argument is thus a non-issue at this point, just as it was a bogus matter prior to the entry of final judgment.

- The petitioner next argues that the court erred by not permitting or compelling the controversy to be addressed through arbitration. The convoluted saga supporting this argument does not warrant review. The court's habeas jurisdiction cannot be ceded elsewhere, with or without the parties' supposed consent.

There was in this case no manifest error of law or fact. *See Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). The court did not misapprehend the petitioner's claims or the import of the expanded record, and likewise did not misapply the law to those claims. The petitioner challenged a prison disciplinary proceeding. The scope of judicial review of such proceedings is narrow. The pleadings and the expanded record show that there was no failure to adhere to the requirements of *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985), and *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974), and that and there was no constitutional infirmity in the proceeding which entitles the petitioner to the relief he sought. Accordingly, the post-judgment motion to alter or amend judgment [Dkt 39] is **denied.**

    **IT IS SO ORDERED.**

Date: 06/24/2013

*William T. Lawrence*

    Hon. William T. Lawrence, Judge
    United States District Court
    Southern District of Indiana

Distribution:

ROBERT DAVID NEAL
15151-180
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel